{¶ 102} I agree with the majority's well-reasoned analysis regarding Mr. Bulman's first, second, and fourth assignments of error, but write separately to express my view that this case does not provide an adequate record to fully address whether Davis' holding applies in the context of misdemeanor offenses.
 {¶ 103} While the record reflects Mr. Bulman was charged with domestic violence in violation of R.C. 2919.25(A), a first-degree misdemeanor, it is unclear as to the degree of disorderly conduct offense he was charged with. A disorderly conduct offense in violation of R.C. 2917.11(A)(1) and (2) is a minor misdemeanor while the additional violation of R.C. 2917.11(E)(3)(a) — "the offender persists in disorderly conduct after reasonable warning or request to desist" — constitutes a fourth-degree misdemeanor. The instant complaint charged Mr. Bulman with a violation of R.C. 2917.11(A)(1) and (2) without referencing R.C. 2917.11(E)(3)(a), yet it stated that his disorderly conduct offense was a fourth-degree misdemeanor. At the beginning of the trial, the state referred to R.C. 2917.11(E)(3)(a), despite the lack of reference to it in the complaint. Mr. Bulman then moved to dismiss the disorderly conduct charge due to the discrepancy. In response, the state orally moved to amend the complaint to reflect a charge of R.C. 2917.11(E)(3)(a). The trial court reserved its ruling on the state's motion, and subsequently granted that motion after the state presented its case-in-chief.
 {¶ 104} Because a discrepancy existed between the charged offense and the degree of the offense in the complaint, and because our review is further hindered by the unavailability of a trial transcript, I do not believe this case presents an optimal opportunity for an analysis of whether Davis applies in misdemeanor cases. I agree, *Page 23 
however, with the majority's analysis under Crim. R. 7(D) and its conclusion that Mr. Bulman was prejudiced by the state's conduct regarding its charge of disorderly conduct and that the trial court's judgment should be modified to reflect a conviction for a minor misdemeanor disorderly conduct.
 {¶ 105} However, because the instant case does not present an adequate record to fully apply Davis in the misdemeanor context and furthermore because it is unnecessary to apply Davis to reach the outcome in this case, I concur in judgment only with regard to the third assignment of error.